NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT GUERRERO,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>BEN CURRY,<br><br>　　　　Respondent. | No. C 07-3835 JF (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the Board of Prison Terms ("Board") to deny him parole. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

A Los Angeles County Superior Court jury convicted Petitioner of second degree murder (Cal. Penal Code § 187). Petitioner challenges the Board's denial of parole at his fourth parole suitability hearing in 2006. Petitioner filed state habeas petitions in the state appellate court and state supreme court, which were denied in 2006 and 2007, respectively. Petitioner thereafter filed the instant petition in the Central District of California, and it was then transferred to this Court.

Order to Show Cause
G:\PRO-SE\SJ.Jf\HC.07\Guerrero835osc.wpd          1

## DISCUSSION

**A.   Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.   Petitioner's Claims**

As grounds for federal habeas relief, Petitioner claims: (1) the Board violated his right to due process by denying parole based on the circumstances surrounding his commitment offense; and (2) the Board violated his right to due process by denying parole without any showing that he poses an unreasonable risk of danger if released. Liberally construed, Petitioner's allegations are sufficient to require a response. The Court orders Respondent to show cause why the instant petition should not be granted.

## CONCLUSION

1.   The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2.   Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse

1  with the Court and serving it on Respondent within **thirty days** of his receipt of the
2  answer.

3      3.    Respondent may file a motion to dismiss on procedural grounds in lieu of
4  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
5  Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file
6  with the Court and serve on Respondent an opposition or statement of non-opposition
7  within **thirty days** of receipt of the motion, and Respondent shall file with the Court and
8  serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

9      4.    It is Petitioner's responsibility to prosecute this case. Petitioner is reminded
10 that all communications with the Court must be served on respondent by mailing a true
11 copy of the document to Respondent's counsel. Petitioner must keep the Court and all
12 parties informed of any change of address by filing a separate paper captioned "Notice of
13 Change of Address." He must comply with the Court's orders in a timely fashion.
14 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
15 to Federal Rule of Civil Procedure 41(b).

16 IT IS SO ORDERED.
17 DATED:   2/22/08

JEREMY FOGEL
18 United States District Judge

1  A copy of this ruling was mailed to the following:

2

3  **Albert Guerrero**
A-51898

4  Corr Training Facility

5  P.O. Box 689
Z342

6  Soledad, CA 93960

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Petitioner's Motion to Proceed in Forma Pauperis as Moot; Order to Show Cause
P:\pro-se\sj.jf\hc.07\Tyson784ifposc          4