EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
AMANDA J. MURRAY, State Bar No. 223829
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5741
  Fax: (415) 703-5843
  Email: Amanda.Murray@doj.ca.gov

Attorneys for Respondent Warden Ben Curry

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ALBERT GUERRERO,<br><br>                Petitioner,<br><br>v.<br><br>BEN CURRY,<br><br>                Respondent. | C 07-3835 JF<br><br>**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:      The Honorable<br>                  Jeremy Fogel |
|---|---|

**TO PETITIONER ALBERT GUERRERO, IN PRO PER:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, Respondent[1/] moves the Court for an order dismissing the above-entitled action on the grounds that Petitioner Albert Guerrero's

---

    1. The proper respondent in this action is Warden Ben Curry. *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (holding that the warden where the petitioner is incarcerated is the proper respondent); Rule 2(a), 28 U.S.C. § 2254. Because the actions complained of in this petition concern a parole consideration hearing, the Board of Parole Hearings is used interchangeably with Respondent in this Motion to Dismiss and supporting Memorandum of Points and Authorities for convenience only.

Resp't's Not. of Mot. & Mot. to Dismiss; Supporting Mem. of P. & A.        *Guerrero v. Curry*
                                                                                        C 07-3835 JF

1  Petition contains an unexhausted claim and that this claim does not entitle him to federal habeas
2  relief.
3      This motion is based on the notice and motion; the supporting memorandum of points and
4  authorities and exhibits; and the pleadings, records, and files in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

7      Petitioner Albert Guerrero, a California state prisoner, is lawfully in the custody of the
8  California Department of Corrections and Rehabilitation (CDCR) following his conviction for
9  second-degree murder. (Ex. A, Abstract of Judgment.) He was sentenced to fifteen years to life.
10 (*Id.*) In his federal habeas corpus petition, Guerrero challenges the Board's December 8, 2005
11 decision denying him parole. (Petn. at p. 5.) Specifically, he argues that the Board violated his
12 due process rights by continuing to rely on his commitment offense in denying him parole and by
13 failing to articulate why he would be a current unreasonable safety risk if released from prison.
14 (*Id.*) Respondent moves to dismiss the Petition because Guerrero failed to exhaust his latter
15 claim in the California Supreme Court and because this claim fails to entitle him to federal
16 habeas relief. Accordingly, this Court should dismiss the Petition.

### ARGUMENT

### I.

### THIS PETITION MUST BE DISMISSED BECAUSE IT CONTAINS AN UNEXHAUSTED CLAIM.

21     Guerrero did not exhaust his state court remedies regarding his claim that the Board failed
22 to articulate why he would be a current unreasonable safety risk if released from prison. Because
23 Guerrero's Petition contains an unexhausted claim, his Petition must be dismissed.
24     A federal habeas petitioner must exhaust his available state court remedies before a federal
25 court may grant his petition. 28 U.S.C. § 2254(b)(1)(A). If one or more claims in the federal
26 petition have not been exhausted, the district court must dismiss the petition. *Pliler v. Ford*, 542
27 U.S. 225, 226 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). This rule provides the
28 state courts a full and fair opportunity to resolve federal constitutional claims before they are

presented to the federal court, thus "protect[ing] the state courts' role in the enforcement of federal law." *Rose*, 455 U.S. at 518.

It is the petitioner's burden to prove he has exhausted his state court remedies before filing his federal habeas petition. *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it [citations] . . . or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). In California, a petitioner exhausts his federal claim by fairly presenting it to the California Supreme Court. *Kim v. Villalobos*, 799 F.2d 1317, 1318 (9th Cir. 1986). Finally, a petitioner has not exhausted the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Here, Guerrero did not exhaust his available state court remedies before seeking federal habeas relief for his claim that the Board failed to articulate why he would be an unreasonable risk of danger to society if released to parole. Specifically, Guerrero did not assert this claim in his petition for review to the California Supreme Court. (Ex. B.) Rather, in his California Supreme Court petition, Guerrero alleged that the Board's decision was arbitrary and capricious, and that there was no reliable evidence to support a finding of parole unsuitability. (Ex. B at pp. 3-4.) Thus, Guerrero is asserting a different claim in his federal habeas petition than he asserted in his petition to the California Supreme Court. (Exs. A-B.) By failing to present the same claim to the California Supreme Court, Guerrero's claim is unexhausted and must be dismissed. *Kim*, 799 F.2d at 1318; *Rose*, 455 U.S. at 510, 513.

Further, Guerrero is not precluded from exhausting his state court remedies because the California Supreme Court has original jurisdiction to review petitions for writs of habeas corpus. Cal. Const. art. VI, § 10. Thus, Guerrero can still file a habeas petition in the California Supreme Court alleging the unexhausted claim. Accordingly, Guerrero has not "reach[ed] the point where he has no state remedies available to him," *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003), and the Petition should be dismissed.

//

## II.

**GUERRERO'S CLAIM THAT THE BOARD FAILED TO ARTICULATE WHY HE WOULD BE AN UNREASONABLE RISK IF RELEASED FROM PRISON SHOULD BE DISMISSED BECAUSE FEDERAL HABEAS RELIEF IS NOT AVAILABLE FOR STATE LAW ISSUES.**

Federal habeas relief is available only to persons in custody in violation of federal law or the federal Constitution. 28 U.S.C. § 2254(a). Here, Guerrero alleges that the Board violated his due process rights by failing to articulate how he would be unreasonable safety risk if released from prison. (Petn at p. 5.) Yet, Guerrero's argument fails to implicate a federal claim because it is based on an erroneous interpretation of state law regarding the manner in which the Board determines suitability for parole. *See In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005); *In re Rosenkrantz*, 29 Cal.4th 616, 658 (2002). Indeed, this alleged state standard of review is inapplicable in federal habeas, which limits the reviewing court to whether the prisoner has received an opportunity to be heard and a reasoned decision denying him parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex v. Greenholtz*, 442 U.S. 1, 12 (1979); 28 U.S.C. § 2254(d)(1). Thus, because Guerrero's allegation involves questions of state law, he fails to assert violations of federal law or the federal constitution. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (habeas petition may not transform a state law issue into a federal one merely by asserting a due process violation); *see e.g.*, *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989) (federal habeas relief unavailable for alleged violation of California Penal Code). Accordingly, this Court should dismiss Guerrero's Petition because he has not stated a prima facie case for federal habeas relief.

//
//
//
//
//
//
//

Resp't's Not. of Mot. & Mot. to Dismiss; Supporting Mem. of P. & A.

*Guerrero v. Curry*
C 07-3835 JF

## CONCLUSION

This Court should dismiss Guerrero's petition because it contains an unexhausted claim. Moreover, the unexhausted claim fails to allege a federal question. As such, Guerrero's petition should be denied.

Dated: May 19, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

_____
AMANDA J. MURRAY
Deputy Attorney General
Attorneys for Respondent

40245286.wpd
SF2008400924

Resp't's Not. of Mot. & Mot. to Dismiss; Supporting Mem. of P. & A.

*Guerrero v. Curry*
C 07-3835 JF

5

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Guerrero v. Curry**

No.:   **C 07-3835 JF**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **May 19, 2008**, I served the attached

### RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Albert Guerrero, A-51898**
**Correctional Training Facility**
**P.O. Box 689**
**Z342**
**Soledad, CA 93960-0686**
*In Pro Per*
*H-51898*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **May 19, 2008**, at San Francisco, California.


|   M.M. Argarin   |   *[signature] M.M. Argarin*   |
|   Declarant      |   Signature   |

40255437.wpd