# EXHIBIT A

JM

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| Date: | SEPTEMBER 25, 1992 | | N. SLONAKER | , Deputy Clerk |
| HONORABLE: | BEAUFORD H. PHELPS | JUDGE | | Reporter |
| | M. HILL | Deputy Sheriff | L. AMAYA | (Parties and counsel checked if present) |

| LA009125 | | Counsel for | IRA REINER | , DISTRICT ATTY. | BY |
| PEOPLE OF THE STATE OF CALIFORNIA | | Plaintiff | R. SIZE | | DEPUTY |
| VS | | | T. HUTCHISON | |
| | | Counsel for | ~~PUBLIC DEFENDER~~ | BY |
| GUERRERO, ALBERT PAUL | | Defendant | D. STRICKLIN, PVT | ~~DEPUTY~~ |

NATURE OF PROCEEDINGS PROBATION AND SENTENCE                    (Boxes checked if order applicable)

*2804853*

PROBATION DENIED, SENTENCE AS INDICATED BELOW.
Whereas the said defendant having......BEEN.......duly.........FOUND
guilty in this court of the crime of    MURDER of the Second Degree (Sec 187(a) PC) a Felony,
as charged in Count 1 of the information.

It is Therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the
State Prison.   For the term of 15 years to life, for a total of 15 years to
life as to Count 1.

☒ Defendant is given credit for    486    days in custody (includes    162    days good time/work time).
It is further Ordered that the defendant be remanded into the custody of the Sheriff of the County of Los Angeles and
delivered by him into the custody of the Director of Corrections at the California State Institution

☒ for Men at Chino, California
☐ for Women at Frontera, California
☐ .................

THE DOCUMENT TO WHICH THIS CERTIFICATE IS
ATTACHED IS A FULL, TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.
ATTEST
JAMES H. DEMPSEY, Executive Officer/Clerk
of the Superior Court of California,
County of Los Angeles.
By _____, Deputy

ENTERED
09-28-92
JAMES H. DEMPSEY
EXECUTIVE OFFICER
COUNTY CLERK
AND CLERK OF THE
SUPERIOR COURT

☐ Remaining count(s) dismissed in interests of justice.
☐ Bail exonerated.

2    76J805A (REV. 7-82) 4-85
C-109

**JUDGMENT**

# EXHIBIT B

Court of Appeal, Second Appellate District, Div. 5 - No. B194742
S148236

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re ALBERT GUERRERO, on Habeas Corpus.

Petition for review DENIED.

Moreno, J., was absent and did not participate.

SUPREME COURT
FILED

JAN 2 4 2007

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE

_____
Chief Justice

Gᴛ. T-M-K

Court of Appeal, Second Appellate District, Div. 5 - No. B194742
**S148236**

# IN THE SUPREME COURT OF CALIFORNIA

SUPREME COURT
**FILED**

JAN 1 0 2007

In re ALBERT GUERRER, on Habeas Corpus.

Frederick K. Ohlrich Clerk

DEPUTY

The time for granting or denying review in the above-entitled matter is hereby extended to and including February 16, 2007, or the date upon which review is either granted or denied.

*Chief Justice*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

COURT OF APPEAL - SECOND DIST

**F I L E D**

NOV 1 3 2006

JOSEPH A. LANE                    Clerk

FISHER                    Deputy Clerk

In re

    ALBERT GUERRERO

on

Habeas Corpus.

B194742

(Super. Ct. No. LA009125)

(John S. Fisher, Judge)

**O R D E R**

THE COURT:

    The court has read and considered the petition for writ of habeas corpus, filed November 3, 2006. The petition is denied. There is some evidence to support the decision of the Board of Parole Hearings. (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 667.)

TURNER, P.J.       MOSK, J.       KRIEGLER, J.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

COURT OF APPEAL - SECOND DIST

**F I L E D**

NOV 1 3 2006

JOSEPH A. LANE                     Clerk

_____

M. FISHER                    Deputy Clerk

| In re | B194742 |
|---|---|
| ALBERT GUERRERO | (Super. Ct. No. LA009125) |
| on | (John S. Fisher, Judge) |
| Habeas Corpus. | **ORDER** |

THE COURT:

The court has read and considered the petition for writ of habeas corpus, filed November 3, 2006. The petition is denied. There is some evidence to support the decision of the Board of Parole Hearings. (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 667.)

_____        _____        _____
TURNER, P.J.                              MOSK, J.                              KRIEGLER, J.

S148236

IN THE SUPREME COURT OF THE
STATE OF CALIFORNIA

ALBERT GUERRERO                    SECOND APPELLATE DISTRICT
        VS.
BEN CURRY                          SUPERIOR COURT
                                   WRIT NO. LA.009125-01

PETITION FOR REVIEW
after Decision by the
COURT OF APPEAL SECOND
APPELLATE DISTRICT.
FILED, 11-13-06

SUPREME COURT
FILED

NOV 21 2006

Frederick K. Ohlrich Clerk

DEPUTY

ALBERT Guerrero H-51898
P.O. BOX 689 CTF-C. Z222
Soledad, CA. 93960

I

# TAbIE OF AUTHORITIES

## Cases

Biggs V. Terhune
(9th. Cir. 2003), 334 F.3d, 910

IN re Ramirez
(2001) 94 Cal. App. 4th 549

IN Re Rosenkrantz

A.B. 737, Bill, Law

United State Constitution
5th and 14th Amendment

California Constitution
Article, Section 15.

II

# TABLE OF CONTENTS

PETITION FOR REVIEW

## ARGUMENT I

The Board's Decision was ARBITRARY and CAPRICIOUS. There was No Evidence Having an Indicia of Reliability to Support A Finding of Parole Unsuitability. The Hearing was Adjudicated Pro FORMA IN Violation of Petitioner's STATE and Federal Rights to Due Process.

A. INTRODUCTION

B. The Board's Decision to Deny Parole was Not Supported by Evidence Having an Indicia Of Reliability.

C. The Board Demonstrate Systematic Bias in Their Decision Making, By Denying Grants of Parole to 98.5% of Appearing Inmates.

III

## STATEMENT OF FACTS

TODAY'S date is 12/8/05 and we're located at the Correctional Training Facility in Soledad.

The inmate was received on 10-13-92 From Los Angeles County. The Life term began 10-13-92 and the minimum eligible Parole date is 11-06-01

The controlling off for which the inmate has been committed is second degree murder, case number 009125 count One Penal code section 187. The inmate received a term of 15 years to life and once again The minimum eligible Parole date is 11-6-01

IV

IN THE SUPREME COURT OF STATE
OF CALIFORNIA.


ALBERT Guerrero

VS.

BEN CURRY


PETITION FOR REVIEW

TO THE Honorable RONALD M. George, Chief Justice and to
THE Honorable ASSOCIATE JUSTICES OF THE
SUPREME COURT OF THE STATE OF CALIFORNIA.

Petitioner ALbert Guerreo Petition's this court FOR
Review Falling the decision of the court of Appeal Second
Appellate District, Filed in that court ON 11-20- 2006
COPY OF THE OPINION OF THE OF Appeal is Attached here to as
Exhibit "A".

PETITION FOR REVIEW

1. Is the Board of Parole Hearinges Violating the Petitioner's
State and Federal Due Process Right When Parole Suitability
determinations are Not supported by "Some evidence" and was
the "Some evidence" standard correctly Applied in This case.

1

2. Can the California Parole Hearings deny Parole to A Prisoner based on the gravity, i.e. seriousness of their commitment offense, after they served a Penal Code §3041(a) C.C.R. Title 15 §2403(c) Uniform term equal to the gravity of their crime, when the Prisoner has been disciplinary Free of seriousness Rule Violating and repeatedly Participated in rehabilitation type Programs while in Prison.

3. Does the Board's denial of Parole to 98.5% of Appearing inmates over the Past ten (10) years reflect both a constitutional Application of Penal Code §3041 Subsections (a)(b) and conformity with this courts holding in IN Re ROSENKRANTZ (2002) 29 Cal.4th 616, 683, that the Board shall Normally Grant Parole, OR does it reflect a systematic bias by the Board against granting Parole OR does, it reflect a systematic bias by the Board against granting Parole?

A Review and Resolution of these issues by this court are Necessary to secure uniformity of decision and to settle important questions of Law. The need for uniformity of decision is demonstrated by a comparison of this case with the factually similar IN Re Dannenberg (2005) 34 Cal.4th 1061 IN Re Ramirez (2002) 94 Cal. App. 4th 549 and Biggs V. Terhume (9th cir. 2003) 334 F.3d 910. which both IN Re Dannenberg's Resulted IN the court Findings A New Interpretation of PC. 3041(A)(B), IN which 3041(b) became before 3041(A) The legislative body after the New Interpretion of IN Re Dannenberg's PUT. Back the right way TO INTERPRETION of 3041(A)(B) Thus The Petitioner will Never get A fair hearing in the Board Room in light of IN Re Dannenberg's The Petitioner Respectfully submits that these cases together demonstrates the lack of uniformity in Application of the Due Process standard that the decision in the in the instant case conflicts with the recently announced in Federal Due Process standard delineated in Biggs V. Terhume (9th) cir 2003) 334 F.3d 910, This case also Provides this court with an opportunity to determine if by denying Parole to 98.5% of Appearing inmates The Board is Normally granting Parole as required by IN Re ROSENKRANTZ

2

1  supra, 29 cal, 4th at 683, or does the Board's repeated denial of
2  Parole to 98.5% of appearing inmates reflect their factual bias
3  against Parole. further, this case provides the court with an opportunity
4  to determine if the Board of Prison terms is, In re Ramirez supra
5  FN.8 at P569 In Re Dannenberg's, supra In Re E. Scott, cite
6  2004 119 cal, App. 4th 871, In. Scott the court of Appeal of First
7  Appellate District the some evidence, was not found in the In Re
8  Scott.

9                        ARGUMENT I

10      The Board's decision was arbitrary and capricous. There was
11  No Evidence Having an Indicia of Reliability to support a Finding
12  of Parole unsuitability. The Hearing was adjudicated Pro Forma In
13  Violation of Petitioner's state and Federal rights to Due Process.
14  On 12/8/05 Petitioner's appeared before the Board of Prison terms
15  For **3** time For Parole consideration and was found unsuitable For
16  Parole based on unchanging Factors, the circumstances of his
17  offense and his Previous criminal history. He received an 1 year
18  Parole denial, the Petitioner appeal to superior court of Los Angeles
19  County on 8-14-  2006. Nonrable John S. Fisher denial my
20  Appeal, Los Angeles superior 8-14-06, (Exhibit B). B. The Board's Decision
21  to deny Parole was not supported by "some evidence" Having an
22  Indicia of reliability, In Biggs V. Terhune, supra, at P914, a case
23  with situational Factors and a Prison Performance record analogous
24  to this Petitioner's the court held that "[b]ecause the "California
25  Parole scheme [Penal code § 304( cb)] Vests in every inmates a
26  constitutionally Protected liberty interest" "Protected by the
27  Procedural safe guards of the Due Process clause," some evidence"
28  having an indicia of reliabilt, Must underly every Board decision, The
29  Biggs' court then Proceeded to establish standards for the California
30  Parole Board to follow when assessing the Facts before it
31  during A Parole consideration hearing holding at P. 916, 917 that
32  "[while] The [California] Parole Board's sole supporting reliance, on the
33  gravity of [a First degree Murder] Offense [Involving the killing
34  of A witness] and conduct Prior to imprisonment to justify

                          3

1  denial of parole can initially be justified as fulfilling the
2  requirements set forth by state Law [o]ver time, however,
3  Should [a Petitioner] continue to demonstrate exemplary
4  behavior and evidence of rehabilitation, denying him parole
5  simply because of the nature of [his] offense and prior conduct
6  would raise serious questions involving his liberty interest
7  in parole."
8       A continued reliance in the future on an unchanging
9  factor, the circumstances of the offense and conduct prior to
10 imprisonment runs contrary to the rehabilitative goals espoused
11 by the Prison system and could result in a due process
12 violation." Biggs, Further held that when a prisoner such as
13 Petitioner's has behaved in a crime and disciplinary free manner
14 over a long term in Biggs' case 13 years. A Board Finding denying
15 parole based on their have an escalating pattern of criminal conduct
16 relying solely on their pre-prison history would be devoid of evidence,
17 since they have not recently committed a criminal act and when a prisoner
18 such as Petitioner has engaged in rehabilitation type programming
19 such as self-help groups, educational and vocational courses, etc,
20 for an extended period of time, in that case 13 years, during which
21 they remained disciplinary free, the Board can not deny parole base
22 on pre-prison behavior, because the evidence demonstrates otherwise,
23 (Id at pp 916-17).
24      Petitioner therefore respectfully submits that in accordance with
25 these recently announced Federal due process standards, given his years
26 of disciplinary free prison performance and his on-going participation
27 in available rehabilitation programming, the gravity of his offense
28 and his previous criminal history can no longer provide the "some
29 evidence" needed to support a parole denial decision, therefore,
30 the Board's finding in this case that the gravity of his offense and
31 his previous criminal history from over 23 years past out weigh all of
32 the positive factors of his imprisonment demonstrating his rehabilitation
33 is contrary to the evidence which was before the Board, thus their
34 findings and decision were without any reasoned factual basis

1  I.e. devoid of evidence, and as a result arbitrary and capricious,
2  depriving Petitioners of his state and Federal rights to due Process.

3
4  C. The Board Demonstrates systematic Bias in their decision making
5  By denying Grants of Parole to 98.5% of Appearing Inmates.
6     Petitioner Respectfully submits that A Review of the available
7  state government Povided statistical data, which can be Provided
8  if requested will demonstrate the Board's routinely denies Parole to
9  98.5% of Appearing Inmates in Violation of Penal Code 3041(a) as
10 held By this court's ruling in In Re Rosenkrantz, Supra, 29 Cal. 4th at
11 683, and inviolation of the Federal standard recently announced in
12 Biggs V. Terhune, supra at 916-17, further, Petitioner submits a review
13 of case record history will show that the Board carries out this
14 routine denial of Parole by declaring each and every offense
15 committed by the 98.5% of inmates denied Parole as being especially
16 heinous atrocious, or cruel, regardless of the offense circumstances
17 or degree.
18     Petitioner Furter submits that in this case the Board effected
19 this result by "simply indentifying" some [Factual] evidence [From]
20 the record to support each result" Ignoring that in accordance with
21 In re Ramirez, supra, at pp. 536-564, 571, In Danneberg and Biggs
22 supra at pp. 916-17 there facts to not and can not demonstrate that
23 Petitioner is currently an unreasonable threat to Public Safety if released.
24
25
26
27
28
29
30
31
32
33
34

5

1  Petitioner therefore submits he did not receive a fair Parole
2  hearing at his 2005 Parole Consideration Hearing because the
3  hearing results reflect the Board's bias against granting Parole,
4  therefore, the hearing was adjudicated Pro forma, Violating Petitioner's
5  State's and Federal due Process rights, depriving him of his Federally
6  Protected liberty interest.

7

8

9                    CONCLUSION
10  FOR these reasons Petitioner's respectfully submits that this
11  court grant Review to bring up to date the guidance Provided
12  A.B. 737 Bill, and IN Re Ramirez supra, Rosenkrantz, Supra,
13  29 CAl.4th 616, so as to insure uniformity of decision-making in
14  lower court's on issues frequently litigated and to settle questions
15  so important that they impact directly upon the rights of a person
16  such as Petitioner to due Process of Law under the state and
17  Federal constitutions.

18

19

20

21

22

23

24

25                              Respectfully submitted

26

27                              Albert Guerreo

28

29  Albert Guerreo N-51898
30  P.O. Box 689 (TFC), 342-L
31  Soledad, CA. 93960

32

33

34

                        6

# EXHIBIT-A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | | |
|---|---|---|---|---|
| DATE: | August 14, 2006 | | | DEPT: NWN |
| HONORABLE: | JOHN S. FISHER | JUDGE | B. JUDGE | DEPUTY CLERK |
| | NONE | DEPUTY SHERIFF | NONE | COURT REPORTER |

LA009125-01

[COUNSEL CHECKED IF PRESENT]
Counsel for People:
DEPUTY DISTRICT ATTORNEY:

**PEOPLE OF THE STATE OF CALIFORNIA**

NO APPEARANCES

VS.

Counsel for Defendant:

01 ALBERT GUERRERO (N/P)

---

**NATURE OF PROCEEDINGS:   PETITION FOR WRIT OF HABEAS CORPUS**

The court reads and considers the defendant's ex parte Petition for Writ of Habeas Corpus filed August 11, 2006.

The petition is denied.  The court finds no legal basis to grant the petition.

A copy of this minute order is sent this date via United States Mail to the address below.

Albert Guerrero  N51898
P.O. Box 689  C.T.F.C. Z-W-342-L
Soledad, CA  93960

Custody status: defendant remanded

DATE ENTERED:   August 14, 2006

**MINUTE ORDER**

# EXHIBIT-B

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

COURT OF APPEAL - SECOND DIST

🅵 🅸 🅻 🅴 🅳

NOV 1 3 2006

JOSEPH A. LANE                    Clerk

_____ FISHER                Deputy Clerk

In re

    ALBERT GUERRERO

    on

    Habeas Corpus.

B194742

(Super. Ct. No. LA009125)

(John S. Fisher, Judge)

**O R D E R**

THE COURT:

    The court has read and considered the petition for writ of habeas corpus, filed November 3, 2006.  The petition is denied.  There is some evidence to support the decision of the Board of Parole Hearings.  (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 667.)

_____   _____   _____
TURNER, P.J.        MOSK, J.        KRIEGLER, J.

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _CLARENCE CLEVELAND_ , declare:

I am over 18 years of age and I am party to this action.  I am a
resident of CORRECTIONAL TRAINING FACILITY prison, in the County
of Monterrey, State of California.  My prison address is:

_CLARENCE CLEVELAND_ , CDCR #: _C-33254_
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: _F-307_
SOLEDAD, CA 93960-0689.

On _11-19-06_ , I served the attached:

_____

_____

on the parties herein by placing true and correct copies
thereof, enclosed in a sealed envelope (verified by prison
staff), with postage thereon fully paid, in the United States
Mail in a deposit box so provided at the above-named institution
in which I am presently confined.  The envelope was addressed as
follows:

BILL LOCKER
ATTORNEY General
P.O. BOX 85266
SAN Diego, CA, 92186-5266

SUPREME COURT OF CALIFORNIA
350 McAllister St.
San Francisco, CA.
94102-4797

I declare under penalty of perjury under the laws of the
State of California that the foregoing is true and correct.
Executed on _11-19-06_ .

_Clarence Cleveland_
CLARENCE CLEVELAND
Declarant