ALBERT GUERRERO H-51898
CORRECTIONL Training Facility
P.O. Box 689, ED-280
Soledad, CA. 93960-0689
Pro Se Petitioner.

FILED
2008 JUN 16 P 3:19
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA. SAN JOSE DIVISION

| | |
|---|---|
| ALBERT GUERRERO, <br><br> Petitioner, <br><br> VS. <br><br> BEN CURRY, <br><br> Respondent. | C 07-3835 JF. <br><br> PETITIONER'S NOTICE OF MOTION and MOTION IN OPPOSITION TO RESPONDENT'S NOTICE OF MOTION and MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS and AUTHORITIES. <br><br> District Judge: <br> THE Honorable Jeremy Fogel |

PLEASE TAKE NOTICE that Petitioner ALBERT GUERRERO, Petitioner in Pro Se, moves this Court to deny Respondents motion to dismiss Petitioner's habeas petition on the grounds that Petitioner has followed the rules of this court in filing his Pro Se Petition, and that Petitioner has exhausted his state court remedies, that he has stated sufficient facts which if true would entitle him to relief, and that his habeas form Petition issued by this Court must be read "generously."

1

## MEMORANDUM OF POINTS AUTHORITIES

### INTRODUCTION

Petitioner Guerrero, is a California state prisoner being unlawfully held at the CTF-Soledad State Prison, proceeding pro se in the above entitled action. In his habeas corpus petition petitioner alleges numerous violations of his constitutional rights under the 5th, and 14th Amendments to the United States constitution. Specifically, as was exhausted in the California Supreme court petitioner alleged he was denied federal due process of law and his protected liberty interests, insufficiency of the evidence claims, a right to have the charges made by the Board to be submitted to a Judge or a Jury, Biasness, Equal protection of the law, and the vagueness challenges. See, the petition to the Supreme court, the Respondent's motion. (Exhibit "B")

Petitioner stated the "operative facts" of his claims and in fact cited case law in support of those facts both in the petition for review in the California Supreme court and in this courts. Petitioner provides to this court for porposes of showing the court that petitioner has indeed properly exhausted his state court remedies and also provides a copy of his parole hearing transcripts which is also being sent to Respondents along with the California Supreme court's denial of the petition for review. Accordingly the Respondents must comply with this courts order as directed in its order to show cause, dated

2

## ARGUMENT

### 1

PETITIONER ALLEGED FACTS WHICH IF TRUE WOULD ENTITLE HIM TO RELIEF AS IS CLEAR FROM THE COURT'S ISSUANCE OF AN ORDER TO SHOW CAUSE WHICH IS WELL WITHIN THE COURT'S JURISDICTION.

Respondents alleges that Petitioner's claims are couched in conclusory allegations without "sufficiently plead" facts. (See Resp. Not. Mot. & Mot. to Dismiss & Mem. of P&A Pg 1,2,3). and thereby suggests that this court has no jurisdiction to issue an order to show cause on claims that on their face clearly appear to have merit. Respondents would like for this court to dispose of Petitioner's liberty interest, his due process rights, and other clearly established rights just because he is not versed in pleading federal habeas corpus petitions. Petitioner submits that all that is required is that he legibly state facts which if true would entitle him to relief. None of the cases cited by Respondents hold that a Pro Se Petitioner has to present all of the facts on a habeas corpus form petition.

In this court order, obviously bore in mind, as is required by U.S. Supreme court authority and as Ninth Circuit precedent demands, that "petitions must be read in context and understood based on the particular words used," Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc), and that "Pro Se [habeas] petitions are held to a more lenient standard than counseled petitions." Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003)

cited in Davis v. Silva 2008 DJDAR 33, at 34 order issued January 2, 2008 (9th Cir.) when it issued the order to show cause.

Respondents are obviously confusing subject matter jurisdiction of the court with a failure to state a cognizable or colorable claim which this court has clearly rejected by issuing its order requiring to respondents to answer. Clearly this court has subject matter jurisdiction over Petitioner's habeas corpus claims pursuant to 28 U.S.C. § 2254. Federal Question jurisdiction exists if the complaint (or petition) purports to state a claim under Federal law regardless of the validity of the claim. Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1414, 144, 10 L.Ed.2d 605 (1963). Only if the stated claim is so wholly insubstantial that even a preliminary review of the merits is not required does the federal court not have jurisdiction. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). It is not very arguably failed claimed that deprives the district court of jurisdiction. Here Petitioner's properly invoked § 2254 when he used the habeas corpus form issued by this court. (See this court's own habeas corpus forms on file with the clerk) Petitioner's contentions that he was denied due process and other federal constitutional rights in the parole context are not so insubstantial so as to deprive this court of jurisdiction to issue an order to show cause on the merits from the face of the claims of the Pro Se petition form wherein Petitioner stated the "operative facts" of his claims. Respondents assertions are clearly misdirection from the claims. Had Petitioner not pleaded sufficient

4

facts for the court to issue and order to show cause this court would not have done so.

Petitioner does not have to meet any burden of proof to Respondents at this point but rather to this court. Respondents claim that Petitioner provided no documents or evidence however, as will be seen below, there is no requirement that he present documentary evidence in order to state a colorable claims on the habeas corpus form that Petitioner used from this court.

Therefore, the petition should be granted and the order to show cause must stand.

## II.

Petitioner has exhausted his state court remedies. The state must answer the show cause order because Petitioner provided the court with the operative facts of his claims.

The Board is allway suppose to articulate why the Petitioner would be a current unreasonable safety risk if released from prison, 3041(W)(B) of the Penal code, 2403(()(c). See Respondent, Exhibit "B" The Petitioner, Petition at (page 2, Note 2)

2. "can the california Parole hearings deny Parole to A Prisoner based on the gravity, ie. seriousness of their commitment offense, after they served a penal code § 3041 (a) CCR. Title 15 § 2403 (c) uniform term equal to the gravity of their crime, when the prisoner has been disciplinary free of seriousness, rule violating and repeatedly participated in rehabilitation type programs while in prison.

petitioner submits however, that he must bear his burden of proof to this court, and not to Respondents, it is up to this court to decide whether or not the petition states a prima facie case and whether or not the petition appears on its face to have merit. Petitioner, to further prove that he has in fact "exhausted" his state's court remedies has attached to this opposition motion his Petition For Review which includes the state Appellate court, and Los Angeles superior court decisions, and further, petitioner Exhaustion does not require a "habeas Petitioner... present to the state court every piece of evidence and wording supporting his Federal claims in order to satisfy the exhaustion requirement." Chacon v. Wood, 36 F.3d 1459, 1469 n.9 (9th cir. 1994). See Davis, supra, at p.34.

Petitioner in fact had exhausted his state court remedies as well as his Federal claims in state court by indicating "the Federal law basis for his claims by citing in conjunction with the claims the Federal source of law which he relies or a case deciding such a claim on Federal grounds, or simply labeling the claim 'Federal'." Davis v. Silva (9th cir. 2008) DJDAR 2008, 33, 34, citing Baldwin v. Reese 541 U.S. 27, 32 (2004), see also Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th cir. 2005)(Stating that the petitioner makes the Federal basis of his claim explicit by either specifying particular provisions of the constitution or statutes, or by citing to Federal law). Therefore Petitioner presented to this court as well as the Highest

6

state court with all "the facts necessary to state a claim for relief" Davis, supra Id. at 34, citing Gary v. Netherland, 518 U.S. 152 162-163 (1996). In Picard v. Connor, 404 U.S. 270, 275, the Supreme court has held that the exhaustion requirement is not satisfied unless the Federal claim has been "fairly presented" to the state courts." Here, petitioner has done so. (see Petition of Review and cases cited therein).

The Board's Decision to deny Parole was not supported by "some evidence" having an indicia of reliability. In Biggs v. Terhune, supra at 914 a case with situational factors and a prison performance record analogous to this petitioner's the court held that "[b]ecause the "california Parole scheme [Penal code § 3041(b)] vests in every inmates a constitutionally protected liberty interest" "protected by the procedural safeguards of the Due Process clause," some evidence" having an indicia of reliablt, must underly every Board decision. The Biggs' court then proceeded to establish standards for the california Parole Board to follow when assessing the facts before it during A Parole consideration hearing hold at 916, 917 that, "[while] The [california] Parole Board's sole supporting reliance. on The gravity of [a first degree murder] offense [involving the killing of a witness] and conduct prior to imprisonment to justify denial of Parole can initially be justified as fulfilling the requirements set forth by state Law[o]ver time however, should [a petitioner] continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him

7

1  parole simply because of the nature of
2  [his] offense and prior conduct would raise
3  serious questions involving his liberty interest
4  in parole." Thus the board always had to
5  articulate why he would be a current unreason-
6  able safety risk if released from prison. That's
7  the "some evidence test."
8     The california supreme court in its denial
9  of petitioner's petition for review denied the
10 petition without any citation to any case with
11 the following words "The petition for review
12 is denied". The california supreme court did
13 not cite any case referring to a procedural
14 defect nor did the court make a ruling on
15 the merits of petitioner's federal claims
16 rejecting those claims, therefore the court
17 must use the "look through rule" and analyze
18 the petition under the standard of § 2254
19 (d). See Ylst v. Nunnemaker, 501 U.S. 797, 804, 111
20 S.Ct. 2590, 115 L.Ed.2d 706 (1991).
21    In Harris v. Superior court, 500 F.2d 1124 (9th
22 Cir. 1974) (en banc), cert. denied 420 U.S. 973, 95
23 S.Ct. 1354, 43 L.Ed.2d 652 (1975), the Ninth circ-
24 uit held: "If the denial of the habeas corpus
25 petition includes a citation of an authority
26 which indicates that the petition was proced-
27 urally deficient..., then the available state
28 remedies have not been exhausted as the
29 california supreme court has not been
30 given the required fair opportunity to corre-
31 ct the constitutional violation." Id. at
32 1128. As stated above, the california supreme
33 court did not cite to any case denoting
34 a procedural deficiency and its denial

8

of his Federal claims requires the court to look through to last reasoned decision that denied the federal claims which was the Los Angeles superior court, however, this must take place after a full briefing of the issues. See Davis v. Silva cite as 2008 DJDAR 33 (Ninth Circuit 2008) The exhaustion doctrine as codified by the Antiterrorism and Effective Death Penalty Act of 1996, provides that habeas relief must be denied if the petitioner has not "exhausted the remedies available in the courts of state." 28 U.S.C. §2254(b)(1)(A) see also Muhammad v. Close 540 U.S. 749, 751 (2004) (per curiam) (Federal petitions for habeas corpus may be granted only after avenues of relief have been exhausted.") Exhaustion requires that a petitioner fairly present[]" his Federal claims to the highest state court available. Weaver v. Thompson, 197 F.3d 359, 365 (9th cir. 1999) see O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999) (section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims." (emphasis in original). Fair presentation requires that the petitioner "describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. Kelly v. Small 315 F.3d 1063, 1066 (9th cir. 2003). overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir 2007) Thus "for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific Federal

constitutional guarantee, as well as a specific Federal constitutional guarantee, as well as a statement of the facts that entitle the Petitioner to relief." Gray V. Netherland 518 U.S. 152, 162-63 (1996).

Rather to exhaust the factual basis of the claim, the Petitioner must only provide the state court with the operative facts, that is all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies." Daugharty V. Gladden 257 F.2d 750, 758 (9th. Cir. 1958) see also Randy Hertz & James S. Liebman, Ferderal Habeas Practice and procedure § 23.3c. at 1090 (2005) (Same) The Respondent Motion To Dismiss For Not exhaust his state court remedies regarding his claim that the Board failed to articulate why he would be a current unreasonable safety risk if released from prison. The court deny Respondents motion to dismiss. see P.C. 3041.(A,B) dealing with dealing unreasonable risk to safety, risk if released from prison.

In the exhaustion context the supreme court has admonished lower courts that the complete exhaustion requirement is not intended to "trap the unwary Pro se Prisoner." see Slack V. McDaniel 529 U.S. 473, 487 (2000) more generally the court has held Pro se pleadings to a less stringen standard than briefs by counsel and reads pro se pleading generously "however inartfully pleaded." see Haines V. Kerner, 404 U.S. 519, 520 (1972) (Pre curiam).

10

## CONCLUSION

Respondents counsel is either trying to stall due to a heavy case load or trying to delay justice in this matter.

Petitioner should not have to languish in prison forever because of some perceived mistake by the Respondents. Petitioner has stated claims for relief in his habeas corpus form petition by including references to specific constitutional guarantees, as well as a statement of the facts that entitle him to relief. (Gray, supra 515 U.S. at 162-63.) Petitioner has in fact established a prima facie showing as is evident by this court's order to show cause and Respondents must comply with this order. Petitioner has no other recourse of law save by Federal Petition for writ of habeas of corpus. For the foregoing reasons the writ should issue, and Respondents motion to dismiss be Denied.

6-10-08

Albert Guerrero
H51898 ED-28-UP
SOLEDAD, CA.
93960-0689

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015.5)

I, _Clarence Cleveland_, declare:

I am over 18 years of age and I ~~am~~ not party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

_Clarence Cleveland_, CDCR #: _C-33254_
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: _F-307_
SOLEDAD, CA 93960-0689.

On _6-10-08_, I served the attached:

_____

_____

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

U.S. District Courthouse
280 S. First St. #2112
San Jose, CA, 95113-3008

Attorney General
of the State of Calif.
Deputy Amenda J. Murray
455 Golden Gate Avenue
Suite 11000
San Francisco, CA,
94102-7004

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _6-10-08_.

_Clarence Cleveland_
_CLARENCE CLEVELAND_
Declarant

ALBERT GUERRERO N-51848
P.O. BOX 689 C.T.F.C. ED-28U
Soledad, CA. 93960-0689

U.S. DISTRICT COURT
280 S. FIRST ST. #
SAN JOSE, CA. 95113

LEGAL MAIL